```
KIRKMAN J. HOFFMAN, ESQ.
Attorney at Law, C.S.B.N. 148663
2021 The Alameda, Suite 275
San Jose, California 95126
(408) 241-9620

Attorney for Moving Party,
HANNAZ, INC.
```

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.: 10-55489 |
|---|---|
| | R.S. No.: KJH-001 |
| | Chapter 13 |
| MERCELINDA B. CRUZ, | |
| Debtor. | Hearing Date: 6/16/10 |
| | Time: 10:00 a.m. |
| | Room: 3099 |
| | Hon. Roger L. Efremsky |

## MOTION FOR RELIEF FROM STAY

## AND FOR ADEQUATE PROTECTION

COMES NOW, Moving Party, HANNAZ, INC. (herein, "Moving Party"), who alleges as follows:

1. This motion is brought pursuant to the provisions of section 362 of the Bankruptcy Code, for relief from the automatic stay and for adequate protection of Moving Party's interests in that certain residential real property commonly known as, and located at 1391 TRESTLEWOOD LANE, SAN JOSE, SANTA CLARA COUNTY, CA (the "subject premises" or "subject property" herein).

2. Debtors currently occupy the subject premises, or portions thereof, and are denying Moving Party of possession.

3. Moving Party is the current owner of the subject premises by virtue of a Trustee's Deed upon Sale, having purchased the subject property on 4/22/10, at a public trustee's sale <u>before the filing of this bankruptcy case</u>. A true and correct copy of the Trustee's Deed upon Sale is attached to the Declaration in support of this motion, as <u>Exhibit A</u>, and is incorporated herein by reference. The recitals in such deed state that such trustee's sale was caused by Debtors' default under their obligations on a deed of trust recorded against the subject property.

4. Following purchase of the subject property, Moving Party served a 3-day notice upon the former owners under C.C.P. section 1161a(b)(3), and filed an unlawful detainer action on 5/3/10, in Santa Clara County Superior Court Case No. 110CV-170875 (the "Unlawful Detainer Action"), and the same was served upon Debtors on 5/4/10.

5. Moving Party was first informed of this open Ch. 13 case by the Debtors' attorney on 5/26/10, while in the process of preparing to obtain an unlawful detainer judgment at a trial that was scheduled to take place in Santa Clara County Superior Court on 5/26/10. The

In re CRUZ
Motion for RFS

2

trial in the Unlawful Detainer Action was continued to 6/30/10, and the case is still pending. The Debtors' filing of this bankruptcy action on 5/25/10 is frustrating Moving Party's right to possession under state law.

6. Moving Party seeks immediate relief from the automatic stay in this case in order to proceed with and/or enforce its state law remedies to obtain possession of the subject premises, including commencing and/or completing an eviction action to remove the Debtor, and all other debtors in this case, from the subject premises. The grounds for such relief are: (1) for cause, including, but not limited to, lack of adequate protection, under section 362(d)(1), in that Debtors' rights in the subject premises were terminated <u>pre-petition</u> by the foreclosure sale, and Moving Party is being harmed financially by the Debtors' possession of the subject premises; and (2) because the Debtors have no equity in the property at issue, and such property is not necessary to any reorganization by the Debtors, pursuant to section 362(d)(2), in that, as of the filing of the bankruptcy petition, Debtors had neither an ownership interest nor a leasehold interest in the subject premises, due to the prior foreclosure sale to Moving Party.

7. As set forth in the Declaration of Mike Shakeri, submitted herewith, Debtors' continued occupancy is costing Moving Party approximately $100.00 in lost rental value each day and prevents Moving Party from accessing or controlling its property and/or mitigating its losses in a volatile real estate market.

8. Based upon the foregoing, the only adequate protection Moving Party has is to be granted relief from the automatic stay in order to prosecute its state law rights to recover possession of the subject premises from Debtors, including removing the Debtors and their personal property and vehicles from possession, as prayed for in this motion.

WHEREFORE, Moving Party prays as follows:

1. That Moving Party be granted immediate relief from the automatic stay in this case in order to take any and all actions necessary or appropriate to commence and/or proceed with and complete the eviction of the Debtors from the subject premises, pursuant to the Unlawful Detainer Action or other legal means, including, but not limited to, obtaining and enforcing an unlawful detainer judgment for possession of the subject premises, and conducting any and all reasonable or necessary actions to dispose of personal property remaining at the subject premises following such eviction;

2. For waiver of any hold on enforcement of the order for relief from stay, if granted; and

3. For such other or further relief as this Court deems proper.

Dated: 5/27/10 By_/*Kirkman J. Hoffman/*____
KIRKMAN J. HOFFMAN, Attorney
For Moving Party

In re CRUZ 5
Motion for RFS

Case: 10-55489    Doc# 7    Filed: 05/27/10    Entered: 05/27/10 15:36:02    Page 5 of 5